

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos.   07-13-00328-CV
07-13-00329-CV
07-13-00330-CV

IN RE DAVID LLOYD GARRISON, RELATOR

ORIGINAL PROCEEDING

November 7, 2013

## ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, David Lloyd Garrison, has filed a document in this Court which we must construe as a petition for writ of mandamus.[1]  In this document, Garrison asks this Court to direct Respondent, the presiding judge of the 251st District Court, to give its permission to Garrison to appeal trial court cause numbers 50,191-C, 50,193-C, and 50,194-C.  We will deny Garrison's petition.

---

[1] "We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."  *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) (citing TEX. R. CIV. P. 71).

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court. Garrison has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Garrison does not list the names of the parties against whom he seeks mandamus relief apart from their identification in the argument portion of his petition, and wholly fails to identify their counsel. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Garrison's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Garrison's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case. Garrison's petition does not contain a statement of the case and does not identify the nature of the underlying proceeding.[3] Rule 52.3(e) requires a statement of jurisdiction. Garrison's petition cites to a number of cases for the proposition that courts of appeal have mandamus jurisdiction to the extent necessary to enforce the court's jurisdiction. However, nothing in Garrison's petition identifies any action or inaction by Respondent that would encroach upon this Court's jurisdiction. Rule 52.3(f) requires the petition include a concise statement of all issues or points

---

[2] Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

[3] Garrison contends that mandamus is necessary for him to appeal trial court cause numbers 50,191-C, 50,193-C, and 50,194-C. However, nowhere in Garrison's petition does he identify the nature of these cases nor does he provide any information from which the nature of these cases may be gleaned.

presented for relief. Garrison's petition includes no such statement. Rule 52.3(g) requires the petition include a concise statement of facts pertinent to the issues or points presented. Garrison's petition includes no such statement. Rule 52.3(h) requires the petition contain a "clear and concise argument for the contentions made" with citations to law and to the record. Garrison's petition identifies the relief that he seeks but fails to present any clear argument for why he is entitled to this relief. Rule 52.3(j) requires that the person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. While Garrison does include an unsworn declaration, subject to penalty of perjury, that everything stated in the petition is true and correct, as authorized by TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (West Supp. 2013), Garrison did not include an appendix, file the record, nor state that every factual statement in the petition is supported by competent evidence included in the appendix or record. Finally, Rule 52.3(k)(1)(A) requires that an appendix to the petition must contain a certified or sworn copy of any order complained of, or any other document showing the matter complained of. As previously mentioned, Garrison does not include an appendix. Each of these items are required in a petition for writ of mandamus and, as Garrison failed to include them in his petition, we will not grant the relief that he requests.

For the foregoing reasons, we deny Garrison's petition for writ of mandamus.

Mackey K. Hancock
Justice

3